UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist BENJAMIN S. PONSE
 United States Army, Appellant

 ARMY 20080370

 Headquarters, United States Army Maneuver Support Center and Fort Leonard
 Wood
 Victor L. Horton, Military Judge (arraignment)
 Gregory Gross, Military Judge (motions hearing and trial)
 Colonel Daria P. Wollschlaeger, Staff Judge Advocate (pretrial)
 Colonel Steven E. Walburn, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Grace M. Gallagher; Captain Jennifer A.
Parker, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
Foss, JA; Major Christopher B. Burgess, JA; Major Lynn I. Williams, JA (on
brief).

 15 January 2010

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------
Per Curiam:
 A military judge sitting as a general court-martial convicted
appellant, contrary to his pleas, of assault consummated by a battery
(three specifications) and indecent assault (two specifications), in
violation of Articles 128 and 134, Uniform Code of Military Justice
[hereinafter UCMJ], 10 U.S.C. §§ 128 and 134. The convening authority
approved the adjudged sentence to reduction to E1, confinement for fifteen
months, and a bad-conduct discharge.
 This case is before us for review under Article 66, UCMJ, 10 U.S.C.
§866. While we find appellant’s assignment of error, as well as matters
personally raised pursuant to United States v. Grostefon, 12 M.J. 431
(C.M.A. 1982), to be without merit, we do find a different error as
described below.

 Appellant was found guilty, inter alia, of battery and indecent
assaults upon J.L.M. In Specification 3 of Charge I (Article 128) the
military judge found that appellant did “on or about 5 July 2007, grab and
pinch the skin inside the vagina of J.L.M. with his fingers while telling
her he would not leave unless she promised not to tell anyone.” In
Specification 2 of Charge III (Article 134) the military judge found that
appellant had indecently assaulted J.L.M. on 5 July 2007 “by grabbing her
breasts with his hands and sucking on her breasts with his mouth.” These
assaults occurred during the same course of conduct inside the victim’s
sister’s residence.

 During the sentencing phase, the military judge denied appellant’s
pretrial motion to dismiss Specification 3 of Charge I as an unreasonable
multiplication of charges. The military judge simultaneously denied
appellant’s request in the alternative to merge that specification with
Specification 2 of Charge III for sentencing purposes. We find the
military judge’s decision regarding the unreasonable multiplication of
charges motion consistent with the requirements of United States v. Quiroz,
55 M.J. 334 (C.A.A.F. 2001).

 We do, however, find Specification 3 of Charge I and Specification 2
of Charge III multiplicious for sentencing purposes. See generally Rule
for Courts-Martial [hereinafter R.C.M.] 906(b)(12) (motion for appropriate
relief when alleging multiplicity for sentencing purposes); R.C.M.
1003(c)(1)(C) discussion (“[I]f there was a unity of time and the existence
of a connected chain of events, the offenses may not be separately
punishable, depending on the circumstances, even if each required proof of
a different element.”). See also United States v. Traxler, 39 M.J. 476,
480 (C.M.A. 1982) (holding military judge properly denied appellant’s
motion to dismiss charge and “mooted” any issue when he treated relevant
specifications as multiplicious for sentencing); Quiroz, 55 M.J. at 339
(multiplicity for sentencing remains valid basis for relief).

 Reassessing the sentence on the basis of the error noted and the
entire record, and applying the principles of United States v. Sales, 22
M.J. 305 (C.M.A. 1986) and United States v. Moffeit, 63 M.J. 40, 42-44
(C.A.A.F. 2006), including Judge Baker’s concurring opinion in Moffeit, we
hold the findings of guilty and the sentence as approved by the convening
authority correct in law and fact.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court